```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

JEREMY PEARSON,                )
                               )
        Plaintiff              )
                               )    No. 3:17-0950
v.                             )    Judge Trauger/Brown
                               )    **Jury Demand**
CORECIVIC, DARREL JONES,       )
CHARLIE PETERSON,              )
                               )
        Defendants             )

**TO:   THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that the Defendants' motion for summary judgment (Docket Entry 43) be granted and that this case be dismissed with prejudice for failure to exhaust administrative remedies and that any appeal therefrom not be certified in good faith.

### BACKGROUND

The Plaintiff filed his complaint against CoreCivic on June 16, 2017 (Docket Entry 1). After considerable review and pleadings the amended complaint was filed on March 16, 2018 (Docket Entry 36). In the amended complaint the Plaintiff alleged that he was infected with scabies while an inmate at the Davidson County facility operated by CoreCivic and was not given proper treatment. He alleged that he was refused informal grievances and was not given prompt treatment for scabies.

In the initial case management order the Defendants' theory of the case alleged, among other things, that the Plaintiff failed to exhaust his administrative remedies. The Plaintiff was forewarned that

the motion had to be responded to within 28 days after being filed by the Defendants. The Plaintiff was cautioned that he could not merely rely on his complaint, but must show in any response that there was a material dispute of fact, with citation to the record, affidavits, or other matters of evidence. The Plaintiff was directed to read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01.

Subsequently, the Defendants filed a motion for summary judgment (Docket Entry 43) supported by a memorandum of law and declarations of various employees (Docket Entries 45 through 49) concerning treatment and the filing of administrative grievances, along with a statement of undisputed material facts (Docket Entry 50).

A telephone call was scheduled with the parties on June 21, 2018 (Docket Entry 41). Unfortunately, the Plaintiff did not call in as directed. The Defendants advised that mail sent by Federal Express was returned by the company as no one was available to receive it and that although the Plaintiff had called in from different numbers, they did not have a good return number and had not heard from the Plaintiff recently.

As a result of the telephone conference, an order was entered (Docket Entry 51), specifically pointing out that the Plaintiff must respond to the motion for summary judgment by August 1, 2018, and that failure to do so could result in the Magistrate Judge recommending the motion for summary judgment be granted.

The Plaintiff was also directed to provide a brief explanation of why he failed to participate in the July 23rd call. As of the date of this report and recommendation nothing further has been

heard from the Plaintiff and he has not responded to the motion for summary judgment.

## STANDARD OF REVIEW

To prevail on a motion for summary judgment, the movant must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party cannot simply "rest on its pleadings but must present some 'specific facts showing that there is a genuine issue for trial.'" *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). To defeat a motion for summary judgment, "the non-moving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (citing *Anderson*, 477 U.S. at 251). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient." *Tingle*, 692 F.3d at 529 (citing *Anderson*, 477 U.S. at 251). Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts...must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## LEGAL DISCUSSION

In their memorandum in support of their motion for summary judgment (Docket Entry 44) the Defendants argue a number of legal

3

Case 3:17-cv-00950   Document 52   Filed 08/21/18   Page 3 of 6 PageID #: 308

issues. However, the Magistrate Judge believes that the failure to exhaust administrative remedies is dispositive of the matter and will not otherwise address other grounds for recommending dismissal of the case.[1] The Defendants have correctly set out the law concerning exhaustion of administrative remedies (Docket Entry 44, pp. 3-6).

Since the Plaintiff did not respond to the statement of undisputed material facts, the Magistrate Judge has reviewed them and, in accordance with the Local Rules, adopt them as undisputed since the Plaintiff has failed to respond.

The declaration of Mr. Aylward is essentially controlling in this matter since it is undisputed. He is administrator of the grievance procedure at the Metro Davidson County Detention Facility and in his affidavit has set forth the procedures for filing grievances and notes that the Plaintiff had filed several informal grievances during his incarceration regarding a variety of issues before filing his lawsuit. None of the informal grievances touched on his allegation that he was not properly treated for scabies.

From a review of the grievances filed by the Plaintiff it is apparent that he was familiar with, and regularly exercised, the privilege. Except for the unsupported statement that he was denied an informal grievance in his complaint, the Plaintiff has provided nothing beyond that bare legal conclusion to support his claim that he was denied the ability to file an informal grievance.

---

[1] It does not appear that the Defendant Andrews was ever served since the Plaintiff failed to return a service packet for her despite being directed to do so (Docket Entry 42). However, failure to exhaust administrative remedies would bar any claims against her, whether served or unserved.

4

The law is clear that the Plaintiff must exhaust his administrative remedies and under 42 U.S.C. § 1997(e) no action shall be brought with respect to the proven conditions under § 1983 of this title or any other federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are available or exhausted. The exhaustion requirement is mandatory and applies to all inmate lawsuits that concern prison life. *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006).

Although inmates are not required specifically to demonstrate exhaustion in their complaint, a failure to satisfy the exhaustion requirement is an affirmative defense that the defendants must plead and prove. *Napier v. Laurel County*, 636 F.3d 218, 225 (6th Cir. 2011). Once the defendant raises lack of exhaustion of administrative remedies the burden shifts to the inmate to demonstrate that he actually complied with the applicable exhaustion requirements. *Napier* at 225.

In this case the various pleadings by the Defendants show that CoreCivic has an administrative grievance procedure and that the Plaintiff failed to file an administrative grievance, either informally and formally, in compliance with the published procedures of CoreCivic.

Given the Plaintiff's total failure to respond to the motion for summary judgment, despite specific warnings, he has essentially abandoned his case, and the Defendants are entitled to summary judgment because of the Plaintiff's failure to exhaust administrative remedies.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the Plaintiff's case be dismissed with prejudice and that any appeal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 21st day of August, 2018.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge